

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
EARL JEFFRIES,

               Plaintiff,

    v.

THE CITY OF NEW YORK,
NEW YORK CITY POLICE OFFICER
STANLEY FADOUL, 79th Precinct,
NEW YORK CITY POLICE OFFICER
JE CHAI, 79th Precinct,

               Defendant(s).
-----------------------------------------------------------X

**COMPLAINT & JURY DEMAND**

## PRELIMINARY STATEMENT

1. This is a Civil Rights action in which Plaintiff, EARL JEFFRIES, seeks redress for the Defendant's violation of rights secured by the Civil Rights Act of 1866 and 1871, 42 U.S.C. 1983 and of the rights secured by the Fourth Amendment, and by the Equal Protection Clauses of the Fourteenth Amendment to the United States Constitution and/or rights secured by under the laws and Constitution of the State of New York.

## JURISDICTION

2. Jurisdiction is conferred upon this Court by 28 U.S.C. Sections 1331, 1343(3), this being an action seeking redress for the violation of Plaintiff's Constitutional and Civil Rights. The amount of damages in controversy exceeds One Hundred and Fifty Thousand ($150,000.00) Dollars, exclusive of interest and costs.

3. Plaintiff's claim for declaratory and injunctive relief is authorized by 28 U.S.C. Sections 2201 and 2202 and Rule 57 of the Federal Rules of Civil Procedure.

4. The Plaintiff further invokes this Court's pendant jurisdiction, pursuant to 28 U.S.C. Section 1367(a), over any and all State claims and as against all parties that are so related to claims in this action within the original jurisdiction of this Court that they form part of the same case or controversy.

5. The Plaintiff demands a trial by jury on each and every one of the claims pleaded herein.

## VENUE

6. Venue is proper for the United States District Court of the Eastern District of New York pursuant to 28 U.S.C. Sections 1391 (a), (b) and (c).

## PARTIES

7. The Plaintiff, EARL JEFFRIES is a United States Citizen of African-American descent, and is, and at all times relevant herein, a resident of the State of New York.

8. Defendants, NEW YORK CITY POLICE OFFICER STANLEY FADOUL, Shield Number 27686 and NEW YORK CITY POLICE OFFICER JE CHAI, Shield Number 8494, upon information and belief of the 79th Precinct, are and at all times relevant, Officers and employees/agents of THE NEW YORK CITY POLICE DEPARTMENT, a municipal agency of Defendant CITY OF NEW YORK. Defendant NEW YORK CITY POLICE OFFICER STANLEY FADOUL and Defendant NEW YORK CITY POLICE OFFICER JE CHAI are sued individually and in their official capacity. At all times relevant Defendant NEW YORK CITY POLICE OFFICER STANLEY FADOUL and Defendant NEW YORK CITY POLICE OFFICER JE CHAI

were acting under the color of State Law in the course and scope of their duties and functions as agents, servants, employees and Officers of THE NEW YORK CITY POLICE DEPARTMENT and Defendant CITY OF NEW YORK and otherwise performed and engaged in conduct incidental to the performance of their lawful duties. Defendants NEW YORK CITY POLICE OFFICER FADOUL and Defendant NEW YORK CITY POLICE OFFICER CHAI were acting for and on behalf of THE NEW YORK CITY POLICE DEPARTMENT at all times relevant herein with the power and authority vested in them as Police Officers, agents and employees of THE NEW YORK CITY POLICE DEPARTMENT and Defendant CITY OF NEW YORK, and incidental to the lawful pursuit of their duties as Officers, employees and agents of THE NEW YORK CITY POLICE DEPARTMENT and Defendant CITY OF NEW YORK.

9. Defendant CITY OF NEW YORK is a municipal entity created and authorized under the laws of the State of New York. It is authorized by law to maintain a Police Department which acts as its agent in the area of Law Enforcement and for which it is ultimately responsible. Defendant CITY OF NEW YORK assumes the risks incidental to the maintenance of a Police Department and the employment of Police Officers a s said risk attaches to the public consumers of the services provided by THE NEW YORK CITY POLICE DEPARTMENT.

10. THE NEW YORK CITY POLICE DEPARTMENT, while not a named Defendant, is nevertheless a municipal entity created and authorized under the laws of the State of New York. It is authorized by law to carry out all police functions for Defendant CITY OF NEW YORK and assumes the risk incidental to the maintenance of a police force and the employment of Police Officers, including the named Defendant New York City Police Officers.

## STATEMENT OF FACTS

11. On January 24, 2012 at approximately 9:30 p.m. Plaintiff was inside the vestibule of his residence located at 373 Nostrand Avenue in Brooklyn, in the process of checking his mail before leaving his residence with his wife and son, when he was approached by Defendants, NEW YORK CITY POLICE OFFICERS STANLEY FADOUL and JE CHAI, of the 79th precinct of the NEW YORK CITY POLICE DEPARTMENT. Another individual, known to the Plaintiff from the neighborhood, was also inside of the vestibule when one of the Defendant Officers approached the Plaintiff's residence and ordered the Plaintiff to allow the Defendant Officers to enter the vestibule. The Plaintiff told the Defendant Officers that he did not call them, and asked the Defendant Officers to ring the buzzer of whomever called them, whereupon Defendant NEW YORK CITY POLICE OFFICER STANLEY FADOUL became visibly upset and began ringing other buzzers, causing an unknown individual to buzz the Defendant Officers into the vestibule. The Defendant Officers, both of whom were in uniform, entered the Plaintiff's vestibule whereupon Defendant NEW YORK CITY POLICE OFFICER STANLEY FADOUL immediately asked the Plaintiff what he was doing inside the vestibule, whereupon the Plaintiff told the Defendant Officers that he lived in the building. Defendant NEW YORK CITY POLICE OFFICER STANLEY FADOUL then stated to the Plaintiff in sum and substance, "no you don't", whereupon the Plaintiff stated to Defendant NEW YORK CITY POLCIE OFFICER STANLEY FADOUL, in sum and substance, "how can you say I don't live here", there's nothing illegal going on here, why would I have the key if I don't live here". The Plaintiff then proceeded to attempt to open the second door to exit his building when Defendant NEW YORK CITY POLICE OFFICER STANLEY FADOUL asked the Plaintiff if he had identification, whereupon the Plaintiff stated to both Defendant Officers in sum and substance "I have identification in my truck outside and in my apartment upstairs." The Plaintiff then asked the

Defendant Officers if he was being arrested or detained, whereupon Defendant NEW YORK CITY POLICE OFFICER STANLEY FADOUL stated in sum and substance, "no". The Plaintiff then attempted to walk out of his residence when Defendant NEW YORK CITY POLCIE OFFICER STANLEY FADOUL proceeded to strike the Plaintiff in the chest with a short, powerful punch using a closed fist, causing the Plaintiff to fall back against the mail boxes in the vestibule and causing the Plaintiff physical pain to the chest. The Plaintiff proceeded to ask Defendant OFFICER FADOUL in sum and substance "why would you do that to me?" Defendant NEW YOR CITY POLICE OFFICER FADOUL did not respond to the Plaintiff's question, upon which the Plaintiff stated in sum and substance to Defendant OFFICER FADOUL "if I'm not under arrest and I didn't do anything then I'm leaving". The Plaintiff then attempted to leave his residence a second time, upon which Defendant NEW YORK CITY POLICE OFFICER STANLEY FADOUL proceeded to punch the Plaintiff in the chest a second time, this time while Defendant OFFICER CHAI held the Plaintiff's right wrist. This second blow also caused the Plaintiff to fall back against the mail boxes in his vestibule. During this alleged incident neither Defendant Officer spoke with the other individual inside of the vestibule and did not attempt to speak with the Plaintiff's wife or son, both of whom were outside the vestibule. Upon being struck the second time by Defendant OFFICER FADOUL, the Plaintiff told the Defendant Officers that he was going to report the incident to the Civilian Complaint Review Board. Upon hearing the Plaintiff's statement regarding the Civilian Complaint Review Board, Defendant NEW YORK CITY POLICE OFFICER FADOUL began to curse at the Plaintiff. The Plaintiff then went into his residence and proceeded to call his other son who informed the Plaintiff that he needed the Defendant Office's badge numbers. The Plaintiff, who lives on the first floor, came back within a few minutes and asked both Defendant Officers for their

badge numbers, whereupon each Defendant Officer began to turn their bodies in an attempt to prevent the Plaintiff from seeing the Defendant Officer's shield numbers. The Plaintiff called out to his wife and other son, who were still present, to get the Defendant Officer's badge numbers. The Plaintiff's wife, who was at a different angle of perspective of the two Defendant Officers, was able to see their badge numbers, which enabled the Plaintiff to subsequently file a complaint against both Defendant Officers for the aforementioned conduct. As a result of the alleged injury inflicted upon the Plaintiff by the Defendant Officers, the Plaintiff, who suffers from acid reflux disease, was required to seek medical attention the next day at a local area hospital where he received medical attention. The Plaintiff then subsequently visited his personal physician, who had to place the Plaintiff back on medication from his disease for four months, and placed the Plaintiff back on a restrictive diet limited to soft foods for approximately four months. As a result of the injury allegedly inflicted by the Defendant Officers Plaintiff had extreme difficulty sleeping for approximately four months, and could no longer sit for long periods of time, resulting in the loss of his business as a tailor and affecting the Plaintiff's ability to drive to visit his elderly mother in the state of Mississippi, as well as the incurrence of medical expenses, doctor visits and limitations to his dietary intake and physical pain and discomfort.

### FIRST FEDERAL CLAIM

**Violation of the Rights Secured by Section 42 U.S.C. 1983 and the Fourth and Fourteenth Amendments to the United States Constitution, Excessive Force.**

12. The Plaintiff incorporates by reference the allegations set forth in paragraphs One (1) through Eleven (11) as if fully set forth herein.

13. Upon information and belief, the conduct of Defendant NEW YORK CITY POLICE

OFFICER STANLEY FADOUL, acting under color of State Law, violated section 42 U.S.C. 1983 by unlawfully using excessive force upon the Plaintiff, without lawful cause or reason.

14. That the actions of Defendant NEW YORK CITY POLICE OFFICER STANLEY FADOUL occurred in and during the course and scope of his duties and functions as a New York City Police Officer, and while acting as an agent and employee of THE NEW YORK CITY POLICE DEPARTMENT and Defendant CITY OF NEW YORK, resulting in the aforementioned and hereinafter mentioned harm to Plaintiff.

## SECOND FEDERAL CLAIM

## Violation of rights secured by Section 42 U. S.C. 1983 and the Fourteenth Amendment to the United States Constitution, Excessive Force

15. The Plaintiff incorporates by reference the allegations set forth in paragraphs One (1) through Fourteen (14) as if fully set forth herein.

16. Upon information and belief, the conduct of Defendant NEW YORK CITY POLICE OFFICER JE CHAI acting under color of State Law violated Section 42 U.S.C. 1983 by unlawfully using Excessive Force upon Plaintiff by holding on to the Plaintiff's arm while Defendant NEW YORK CITY POLICE OFFICER STANLEY FADOUL struck the Plaintiff without lawful reason or cause.

17. That the actions of Defendant NEW YORK CITY POLICE OFFICER JE CHAI occurred in and during the scope of his duties and functions as a New York City Police Officer, and while acting as an agent and employee of THE NEW YORK CITY POLICE DEPARTMENT and Defendant CITY OF NEW YORK resulting in the aforementioned and hereinafter mentioned harm to Plaintiff.

## THIRD FEDERAL CLAIM

### Violation of the rights secured by Section 42 U.S.C. 1983 and the Fourth and Fourteenth Amendments to the United States Constitution- False Arrest

18. The Plaintiff incorporates by reference the allegations set forth in paragraphs One (1) through Seventeen (17) as if fully set forth herein.

19. Upon information and belief, the conduct of Defendants NEW YORK CITY POLICE OFFICERS STANLEY FADOUL and JE CHAI acting under color of State Law violated Section 42 U.S.C. 1983 by unlawfully refusing to allow the Plaintiff to leave his residence, without lawful reason or cause.

20. That the actions of Defendants NEW YORK CITY POLICE OFFICER STANLEY FADOUL and JE CHAI occurred in and during the scope of their duties and functions as New York City Police Officers, and while acting as agents and employees of THE NEW YORK CITY POLICE DEPARTMENT and Defendant CITY OF NEW YORK resulting in the aforementioned and hereinafter mentioned harm to Plaintiff.

## FIRST STATE LAW CLAIM

21. The Plaintiff incorporates by reference each of the allegations contained in paragraphs One (1) through Twenty (20) as if fully set forth herein.

22. That the actions of Defendant CITY OF NEW YORK, by negligently hiring, training, screening, supervising and/or instructing Defendant NEW YORK CITY POLICE OFFICER STANLEY FADOUL resulted in physical injury to the Plaintiff, and causing the aforementioned and hereinafter mentioned harm to Plaintiff.

## SECOND STATE LAW CLAIM

23. The Plaintiff incorporates by reference each of the allegations contained in paragraphs One (1) through Twenty Two (22) as if fully set forth herein.

24. That the actions of Defendant CITY OF NEW YORK, by negligently hiring, training, screening, supervising and/or instructing Defendant NEW YORK CITY POLICE OFFICER JE CHAI resulted in physical injury to the Plaintiff, and causing the aforementioned and hereinafter mentioned harm to Plaintiff.

### THIRD STATE LAW CLAIM

25. The Plaintiff by reference incorporates by reference each of the allegations contained in paragraphs One (1) through Twenty Four (24) as if fully set forth herein

26. That the Defendant CITY OF NEW YORK, through the doctrine of Respondeat Superior, is liable for the actions of Defendant NEW YORK CITY POLICE OFFICERS STANLEY FADOUL and JE CHAI, which resulted in the detention, and injury to the Plaintiff, public humiliation and embarrassment, emotional distress and the incurrence of monetary damages, and resulting in the aforementioned and hereinafter mentioned harm to the Plaintiff.

**WHEREFORE,** the Plaintiff demands the following relief jointly and severably against all Defendants:

1. Compensatory Damages for Plaintiff.

2. Punitive Damages against Defendants NEW YORK CITY POLICE OFFICERS STANLEY FADOUL and JE CHAI.

3. A Court Order pursuant to 42 U.S.C. 1998 that the Plaintiff is entitled to costs of the instant action, and Attorney's fees.

4. Such other and further relief as the Court may deem necessary and appropriate, including declaratory relief.

Dated: December 19, 2013
New York, NY

VICTOR M. BROWN, ESQ.
(VB-5289)
Attorney for Plaintiff
11 Park Place, Suite 600
New York, NY 10007
(212) 227-7373
Fax(212) 227-2330
E: vbrownlaw@yahoo.com

EARL JEFFRIES,
                Plaintiff,

-against-

THE CITY OF NEW YORK,
NEW YORK CITY POLICE OFFICER
STANLEY FADOUL, 79th Pct.,
NEW YORK CITY POLICE OFFICER
JE CHAI, 79th Pct.,

                Defendant(s).


SUMMONS & COMPLAINT


VICTOR M. BROWN, ESQ.
11 Park Place, Suite 600
New York, NY 10007
(212) 227-7373
Attorney for Plaintiff

To The City Of New York
One Centre Street
New York, NY 10007

Service of a copy of the within is hereby admitted.

Dated: _____

Attorney(s) for